NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED B INTERNATIONAL CORP., : | |
| : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, : | |
| : | **OPINION** |
| v. : | |
| : | Civil Action No. 04-CV-2116 (DMC) |
| MAHER TERMINALS, INC., : | |
| : | |
| Defendant. : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Maher Terminals Incorporated ("Defendant"), to dismiss the Complaint filed by United B International ("Plaintiff") for lack of subject matter jurisdiction. No oral argument was heard pursuant to Rule 78 of the Federal Rules of Civil Procedure. After careful consideration of all the parties' submissions and for the reasons set forth below, Defendant's motion is **granted**.

I. BACKGROUND

The facts of this matter are described in detail in this Court's October 20, 2005 Opinion. In the interest of judicial economy, the facts will not be restated in this Opinion. The Court's October 20, 2005 Opinion and Order denied Defendant's motion for summary judgment and found that federal maritime law did not apply. Due to that finding, the Court determined that the case would be decided pursuant to New Jersey state law. On January 13, 2006, Defendant filed a motion to dismiss for lack of subject matter jurisdiction.

## II. Discussion

### A. Subject Matter Jurisdiction

Pursuant to 28 U.S.C. § 1332, district courts have original jurisdiction over all civil actions where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state." Although a court will usually rely on the plaintiff's allegations regarding the amount in controversy as stated in the complaint, the plaintiff must produce sufficient evidence to justify its claims if a defendant objects to the amount in controversy. Columbia Gas Transmission Corp. v. Tarbuck, 62 F.3d 538, 541 (3d Cir. 1995); Nationwide Mut. Ins. Co. v. Brown, 387 F. Supp. 2d 497, 498 (W.D. Pa. 2005).

The party alleging that proper jurisdiction exists must carry the burden of proving the elements of 28 U.S.C. § 1332 are satisfied. Thompson v. Gaskill, 315 U.S. 442, 446 (1942); Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1044-45 (3d Cir. 1993). In order to justify dismissing a case for lack of subject matter jurisdiction, it must appear to a legal certainty that the plaintiff's claim is for less than the statutory amount. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938). However, legal certainty does not mean there must be absolute certainty. Nelson v. Keefer, 451 F.2d 289, n. 6 (3d Cir. 1971). The "temporal focus of the court's evaluation of whether the plaintiff could conceivably prevail on its claim" must be based on information in the complaint at the time was filed. Suber v. Crysler Corp., 104 F.3d 578, 583 (3d Cir. 1997). The record must clearly establish that the plaintiff was given an

opportunity to present facts by affidavit, deposition, or an evidentiary hearing in support of his jurisdictional contentions. Id. at 584. The sum claimed to be in controversy must be pleaded in good faith by the plaintiff. St. Paul Mercury Indemnity Co., 303 U.S. at 289.

It is well settled that a party may never waive the defense of subject matter jurisdiction. Brown v. Phila. Hous. Auth., 350 F.3d 388, 346 (3d Cir. 2003). The subject matter jurisdiction defense may be raised at any time, by any party, or by a court sua sponte. Id. at 347. Subject matter jurisdiction is both an Article III and statutory requirement that functions as a limit on federal power. Ins. Corp. of Ir., Ltd. v. Compagnie des Bauzites de Guinee, 456 U.S. 694 (1982). This means a party's actions cannot confer subject matter jurisdiction upon a Federal Court, principles of estoppel do not apply, and a party does not waive the requirement by failing to raise the subject matter jurisdiction defense early in the proceedings. Id. Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "whenever it appears ... that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

### B. Plaintiff's Failure to Satisfy Its Burden

The issue currently before the Court is whether Plaintiff satisfies the requirements of 28 U.S.C. § 1332. Specifically, the Court must decide whether Plaintiff can show the amount in controversy exceeds the sum or value of $75,000. As illustrated above, it is of no consequence that Defendant did not raise the subject matter jurisdiction defense until January 13, 2005, because this objection may be raised at any time.

Plaintiff has failed to show that the amount in controversy exceeds $75,000. The only evidence submitted by Plaintiff in response to Defendant's motion is an affidavit by its principal, Jack Laniado, and copies of invoices that are not related to the cargo in question, but are for

products similar to that contained in the cargo at issue. (Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss ("Pl. Br.") at 3). The invoices are presented to show the amount Plaintiff "anticipated" to receive when and if he sold the cargo. (Id.). The receipts show that Plaintiff has charged $13.00 per bath rug in the past. This does not prove that the value in controversy exceeded $75,000 at the time Plaintiff filed its Complaint. The receipts contain general resale information about products Plaintiff sells. While these products may be similar to the cargo in question, the receipts do not prove the value in question exceeds $75,000. They just show what Plaintiff has charged and received $13.00 per bath mat in the past.

  Also, in a prior law suit in New York Supreme Court that involved the same cargo Plaintiff's counsel submitted an affirmation in which he affirmed under penalty of perjury that Plaintiff purchased the cargo for $58,000. Specifically, that affirmation stated "this action arises out of plaintiff's purchase of a quantity of good from a company in China for the sum of approximately $58,000.00." (Def. Br. Ex. B). The best evidence submitted by Plaintiff shows the purchase price of the cargo dated November 6, 2001, at $59, 778.26. Although Plaintiff originally requested permission to amend its Complaint to include punitive damages at the pre-trail conference, Plaintiff wrote a letter to the Court withdrawing this request on January 13, 2006. Plaintiff has failed to carry its burden and show the Court that the amount in controversy exceeds $75,000. Plaintiff had the opportunity to present evidence of the amount in controversy by affidavit and has failed to present sufficient evidence. Therefore, this case must be dismissed for this Court's lack of subject matter jurisdiction.

## III. <u>CONCLUSION</u>

For the reasons stated, it is the finding of this Court that Defendant's motion to dismiss is **granted.** An appropriate Order accompanies this Opinion.

                                                      S/ Dennis M. Cavanaugh
                                                      Dennis M. Cavanaugh, U.S.D.J.

Date:       May 25, 2006
Original:  Clerk's Office
Cc:        All Counsel of Record
            The Honorable Mark Falk, U.S.M.J.
            File